# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8297 | **DATE** | 3/24/2003 |
| **CASE TITLE** | Turner vs. Abt Electronics, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order granting defendant's motion for summary judgment (17-1). Accordingly, judgment is entered in favor of defendant and against plaintiff. Any pending motion in this case is terminated as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 25 2003 | |
| | Notified counsel by telephone. | | date docketed | 34 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 3/24/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| MPJ | courtroom deputy's initials | Date/time received in central Clerk's Office | MPJ mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED

MAR 2 5 2003

MANUEL Q. TURNER,　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)　　No.　01 C 8297
ABT ELECTRONICS, INC.,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　　　)

## MEMORANDUM OPINION AND ORDER

Plaintiff Manuel Turner sued his former employer, defendant Abt Electronics, Inc. ("Abt"), for discrimination and retaliation in violation of Title VII, 42 U.S.C. § 2000e *et seq.*, and Section 1981, 42 U.S.C. § 1981. Abt now moves for summary judgment. I grant the motion.

### I.　Background

Mr. Turner, whose mother is Hispanic and whose father is African-American, began working for Abt in November 1997, and since June 2000 had held the position of truck driver. Each driver is assigned on a daily basis a route on which to make deliveries and service calls. These routes are generally prepared at the end of the preceding day, and distributed to the drivers in the morning.

On November 18, 2000, a dispute arose regarding the route to which Mr. Turner had been assigned for that day. Mr. Turner states that his route had been switched by Georgia Lambropoulos, a dispatch supervisor without authority to change the routes, with

the more difficult route of Richard Morales, another driver with whom Ms. Lambropoulos allegedly had a personal relationship. Mr. Turner further states that Ms. Lambropoulos was only treating him this way because he is African-American. It is undisputed that Mr. Turner spoke to Ms. Lambropoulos and Mr. Morales that morning regarding the route switch, but the details of that meeting are contested. Abt states that Mr. Turner yelled at Ms. Lambropoulos and raised a clenched fist toward her. Abt further states that Mr. Morales was standing next to Ms. Lambropoulos at the time, and that he felt that she was being physically threatened by Mr. Turner.

In addition, Abt states that there were two similar incidents between Mr. Turner and other employees in 2000. Abt states that Mr. Turner became aggressive and used intimidating gestures in a dispute with Ciomara Lopez, a customer dispatcher. Ms. Lopez states that she felt her safety was in jeopardy. Abt states that in another incident, Mr. Turner verbally harassed Kelly Reyes, a cashier.

After learning of this last incident, Abt terminated Mr. Turner's employment on December 11, 2000. Mr. Turner claims that his termination was discriminatory and in retaliation for complaining about Ms. Lambropoulos' actions.

## II. Analysis

I grant summary judgment only where "there is no genuine issue as to any material fact and . . . the moving party is entitled to

a judgment as a matter of law." Fed. R. Civ. P. 56(c). While I apply this standard with particular care in employment discrimination cases, *Adusumilli v. City of Chicago,* 164 F.3d 353, 360-61 (7th Cir. 1998), the non-moving party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Here, Mr. Turner bases his claims on both Title VII and Section 1981. Because the same standards governing liability under Title VII apply to Section 1981, *Gonzalez v. Ingersoll Milling Machine Co.,* 133 F.3d 1025, 1035 (7th Cir. 1998), I will analyze the claims solely under Title VII.

The standards for establishing a case of discrimination or retaliation are essentially identical. In both cases, the plaintiff can either present direct evidence of discrimination or retaliation, or can proceed using the *McDonnell Douglas* burden-shifting analysis. *Perdomo v. Browner,* 67 F.3d 140, 144 (7th Cir. 1995) (discrimination); *Stone v. City of Indianapolis Pub. Utils. Div.,* 281 F.3d 640, 644 (7th Cir. 2002) (retaliation).

### A. Direct Approach

Under the direct approach Mr. Turner can avoid summary judgment on his discrimination claim by producing enough evidence to create a triable issue of whether his termination had a discriminatory motivation. *Wallace v. SMC Pneumatics, Inc.,* 103 F.3d 1394, 1397 (7th Cir. 1997). Here, the only evidence that Mr. Turner provides under the direct approach are the fact that none of

3

the management or coworkers involved in his termination were African-American, and an allegation that the complaints of Mr. Turner's misconduct by Ms. Lambropoulos, Mr. Morales, Ms. Lopez, and Ms. Reyes were fabricated and not sufficiently investigated by Abt. This "evidence" is simply not sufficient to create a triable issue as to whether his termination had a discriminatory motivation. Even assuming that Mr. Turner's unsupported allegations that four coworkers conspired to have him fired were true, he presents no evidence that those coworkers were motivated by Mr. Turner's race. The simple fact that the coworkers were not African-American is not evidence of an intent to discriminate against African-Americans. Likewise, Mr. Turner presents no evidence that Abt's alleged failure to thoroughly investigate the complaints was due to his race. Again, the fact that the managers involved in receiving the complaints and terminating Mr. Turner were not African-American is not evidence of an intent to discriminate. Mr. Turner's evidence is insufficient to show discrimination under the direct approach.

Similarly, Mr. Turner cannot use the direct approach to avoid summary judgement on his retaliation claim. Under this approach, Mr. Turner must present direct evidence that he was terminated as a result of engaging in protected activity. *Stone,* 281 F.3d at 644. Abt, for purposes of its summary judgment motion, does not contest that Mr. Turner engaged in protected activity. However,

Mr. Turner's evidence that he was fired in retaliation for this activity is no better than his evidence that he was fired because of his race. He provides no evidence that even if coworkers conspired to have him fired by filing false complaints against him, they were motivated by an urge to retaliate for his complaint about Ms. Lambropoulos. Likewise, Mr. Turner fails to provide any evidence that Abt's alleged failure to thoroughly investigate complaints against him and its ultimate decision to fire him were in retaliation for his complaint about Ms. Lambropoulos. Mr. Turner points to the temporal proximity of his complaint to Abt's allegedly retaliatory actions. However, "mere temporal proximity between the filing of the charge of discrimination and the action alleged to have been taken in retaliation for that filing will rarely be sufficient in and of itself to create a triable issue." *Id.* This is not the kind of rare case where temporal proximity alone is sufficient to create a triable issue of retaliation. Mr. Turner fails to present sufficient evidence to avoid summary judgment on either his discrimination or retaliation claim using the direct approach.

### B. Indirect Burden-Shifting Approach

Under the *McDonnell Douglas* burden-shifting approach, Mr. Turner must present a prima facie case of discrimination or retaliation by showing that: (1) he is a member of a protected class (discrimination) or engaged in protected activity

(retaliation), (2) he was meeting Abt's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees who were not members of the protected class or engaging in protected activity were treated more favorably than he was. *Wells v. Unisource Worldwide, Inc.,* 289 F.3d 1001, 1006 (7th Cir. 2002) (discrimination); *Hilt-Dyson v. City of Chicago,* 282 F.3d 456, 465 (7th Cir. 2002) (retaliation). Here, Mr. Turner fails to satisfy the fourth prong of this required showing.

The only similarly situated employee to which Mr. Turner points is an Abt security guard named Romie (whose last name is unknown to Mr. Turner). Mr. Turner asserts that Romie is a Caucasian (and presumably was not engaging in protected activity such as complaining about discrimination), and that several years ago he was implicated in a theft ring. Mr. Turner claims that while Romie was initially suspended, the allegations against him were investigated by Abt, and he was allowed to return to work. Mr. Turner argues that he was treated differently than Romie in a similar situation because Mr. Turner was not given an opportunity by Abt to respond to his coworkers' charges that he acted aggressively towards them.

While Romie may perhaps be a similarly situated employee who was treated more favorably than Mr. Turner, Mr. Turner fails to point to any evidence in the record supporting the Romie incident. The only portion of the record cited is Mr. Turner's own affidavit.

The relevant portion of the affidavit states in its entirety:

> Affiant, while employed at Abt, befriended an Abt Security Guard by the name of Romie (last name unknown). Romie is a Caucasian. Several years ago, a number of Romie's friends and/or associates were implicated in a theft ring. Abt, through Ricky Abt, initially suspended Romie, but then called him back in to answers [sic] questions about his involvement with the individuals who had been charged in the theft ring. Abt was apparently satisfied with his answers since Abt returned him to work. Affiant was given no such opportunity to answers [sic] charges.

(Turner Aff. ¶ 30.) "On a motion for summary judgment, [I] must not consider those parts of an affidavit that are insufficient under Rule 56(e)." *Adusumilli,* 164 F.3d at 359. Rule 56(e) states that affidavits supporting or opposing summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). Here, Mr. Turner fails to provide a foundation as to how the facts surrounding the investigation of Romie's alleged involvement in a theft ring are within his personal knowledge. As a result, such evidence would not be admissible. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."); *see also Aon Risk Servs. v. Shetzer,* No. 01 C 7813, 2002 WL 1989466, at *2 (N.D. Ill. Aug. 27, 2002) (refusing to consider on a motion for summary judgment an affidavit that failed to establish a basis for affiant's knowledge of defendant's compensation). Therefore, I may

7

not consider the portion of Mr. Turner's affidavit relating to Romie, and as such, Mr. Turner fails to present evidence of a similarly situated employee who was treated more favorably. Thus, Mr. Turner fails to meet the fourth prong of *McDonnell Douglas* and cannot make his prima facie case of either discrimination or retaliation.

Even assuming that Mr. Turner were able to establish his prima facie case of discrimination under the burden-shifting approach, his claims still fail. Once an employee has established a prima facie case of discrimination or retaliation, if the employer articulates a legitimate nondiscriminatory reason for its action, the employee must establish that the proffered reasons are pretextual. *Wells,* 289 F.3d at 1006 (discrimination); *Hilt-Dyson,* 282 F.3d at 465 (retaliation). Here, Abt states that the primary reason it fired Mr. Turner was the three reported incidents of hostile behavior towards coworkers. This is a legitimate nondiscriminatory reason for firing an employee. *See Kahn v. United States Sec'y of Labor,* 64 F.3d 271, 279 (7th Cir. 1995) (belligerent and improper conduct towards coworkers and supervisors is a lawful reason for termination). In order to establish that this reason is pretextual, Mr. Turner must show that it is "a lie or completely lacks a factual basis." *Jordan v. Summers,* 205 F.3d 337, 343 (7th Cir. 2000). Even if the reason for Mr. Turner's firing was mistaken, ill considered, or foolish, "so long as [Abt]

8

honestly believed th[at] reason[], pretext has not been shown."
*Id.* Basically, to meet his burden of surviving a motion for
summary judgment, Mr. Turner "must present evidence to suggest not
that [Abt] was mistaken in [firing him] but that it was lying in
order to cover up the true reason, [his] race or [his] prior
[complaints]." *Id* (internal quotations omitted).

Here, Mr. Turner denies that two of the three incidents of
abusive behavior ever happened, and that regardless, he never used
threatening or abusive language toward other Abt employees, and
that his cowokers' reports were fabricated. Such evidence is not
sufficient to defeat summary judgment because even if true, it does
not suggest that Abt did not honestly (even if mistakenly) believe
that Mr. Turner had acted aggressively towards coworkers. *See*
*Nawrot v. CPC Int'l,* 277 F.3d 896, 907 (7th Cir. 2002) ("[A]ll of
[employee's] arguments are no more than his own self-serving
interpretations of the incidents [that led to his termination] or
denials that they ever occurred. They do not address whether
[employer] honestly disbelieved his explanations and denials, even
if incorrectly, or whether its determination that the incidents
warranted termination were honestly held. And, it is [employer's]
belief that matters."). Further, in at least two cases, Abt
notified Mr. Turner that complaints had been made. Mr. Turner did
not protest at that time, however, and Abt was thus entitled to
believe in and rely on those complaints of abusive behavior.

Mr. Turner points out that some of the reports relating to the alleged incidents of abusive behavior are dated after the time he was fired. Abt responds that the post-dated reports were simply written confirmations of prior oral complaints. Absent other evidence, this perhaps could raise a genuine issue of pretext sufficient to avoid summary judgement. However, the record shows that at least two written reports of Mr. Turner's alleged conduct were dated prior to his firing: a memo dated December 2, 2000 describing the incident with Ms. Lopez and a handwritten note from Ms. Reyes dated December 1, 2000 describing the encounter between herself and Mr. Turner. Further, the Abt termination of employment form for Mr. Turner dated December 14, 2000 indicates that Mr. Turner was terminated for cause for "verbally threaten[ing] two co-workers." Mr. Turner's reliance on the fact that some of the written reports of the alleged incidents of his misconduct are dated after his firing is therefore irrelevant, because it fails to dispute that Abt honestly believed that there were at least two reports of Mr. Turner's misconduct that justified his termination. *Cf. Denisi v. Dominick's Finer Foods, Inc.,* 99 F.3d 860, 866 n.7 (7th Cir. 1996) (finding that employee's claims that a memo criticizing his performance was placed in his file after he was fired, among other things, did not address with sufficient directness the validity of the proffered grounds for his termination). Because Mr. Turner does not present sufficient

evidence of pretext, even if he could make out a prima facie case of discrimination or retaliation (which I have held he cannot), he cannot avoid summary judgment using the indirect *McDonnell Douglas* approach.

## III.   Conclusion

Because Mr. Turner presents no genuine issue of material fact with respect to either his claim of discrimination or his claim of retaliation, Abt's motion for summary judgment is GRANTED.

**ENTER ORDER:**

*Elaine E. Bucklo*

**Elaine E. Bucklo**
United States District Judge

Dated:    March 24 , 2003

11